U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

FEB 0 4 2026

AT_____ O'CLOCK_____

John M. Domurad, Clerk - Utica

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

ANDREW R. PICKEL, Plaintiff,
753 Erie Blvd W.
v. Rome, NY 13440
(315) 709-4507

CaseNo: 6.26 CV-0181
(AJB/ML)

CITY OF ROME; ROME POLICE DEPARTMENT; JOHN/JANE DOE OFFICERS 1–10, Defendants.

**COMPLAINT**

## I. JURISDICTION AND VENUE

This action arises under 42 U.S.C. § 1983 for violations of the First and Fourth Amendments to the United States Constitution. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all events giving rise to these claims occurred within the Northern District of New York.

## II. PARTIES

Plaintiff Andrew R. Pickel is a resident of Rome, New York.

Defendant City of Rome is a municipal entity organized under the laws of the State of New York and is responsible for the policies, customs, and practices of the Rome Police Department.

Defendant Rome Police Department is a department of the City of Rome.

Defendants John/Jane Doe Officers 1–10 are employees of the Rome Police Department whose identities are presently unknown.

## III. FACTUAL ALLEGATIONS

**Incident One – April 2023**
In April 2023, Plaintiff and his significant other were lawfully operating a vehicle in the City of Rome while verbally criticizing and recording Rome Police Department Officer Alexis Parry. Shortly thereafter, Officer Parry initiated a traffic stop of Plaintiff's vehicle. Officer Parry stated that the reason for the stop was an alleged failure to use a turn signal. Dash-camera footage from Plaintiff's vehicle shows that the turn signal was activated prior to the maneuver cited by Officer Parry. Plaintiff was detained despite the absence of a lawful traffic violation.

**Incident Two – June 2023**
In June 2023, Plaintiff entered a Rome Police Department parking lot on foot. Plaintiff was not operating a vehicle and did not interfere with any police activity. Plaintiff was arrested for alleged trespass. Officers justified the arrest by citing a sign stating the lot was for "police vehicles only." The sign did not prohibit pedestrian entry and did not constitute lawful notice of trespass applicable to Plaintiff. Plaintiff was arrested without probable cause.

**Incident Three – July 2023**
In July 2023, Plaintiff displayed a sign critical of the Rome Police Department in front of his residence. A patrol unit stopped in front of Plaintiff's home, and an officer exited the vehicle and removed the sign

without consent or legal justification. The officer waited until a supervisor arrived, after which the supervisor placed the sign into his patrol vehicle and left with it. Plaintiff reported the incident to the Rome Police Department. The same officers later returned while the sign remained in police custody.

### Incident Four – November 2024

In November 2024, multiple Rome Police Department patrol units were positioned behind Plaintiff's residence on South Doxtator Street. Upon observing the units, Plaintiff began recording the activity. At least one patrol unit then slowly drove along Doxtator Street toward Erie Boulevard while an officer used a megaphone to repeatedly broadcast Plaintiff's name to the surrounding neighborhood. The conduct served no legitimate law-enforcement purpose and caused humiliation and intimidation.

## IV. MUNICIPAL LIABILITY (MONELL)

Defendant City of Rome is liable under 42 U.S.C. § 1983 pursuant to Monell v. Department of Social Services. The constitutional violations suffered by Plaintiff were caused by official policies, customs, and practices of the City of Rome and the Rome Police Department, including retaliatory enforcement, unlawful seizures, failure to train and supervise officers, and deliberate indifference to constitutional rights.

## V. CAUSES OF ACTION

### Count I – First Amendment Retaliation

Plaintiff engaged in protected expressive conduct, including verbal criticism of police officers, display of signs critical of law enforcement, and recording police activity. Defendants were aware of this expressive conduct. In response, Defendants subjected Plaintiff to adverse actions including traffic stops, arrest, seizure of expressive property, and public harassment. These actions were motivated by Plaintiff's protected speech and would deter a person of ordinary firmness from continuing such expression.

### Count II – Fourth Amendment Unlawful Seizure

Defendants, acting under color of state law, seized Plaintiff through traffic stops, arrests, and property confiscation without probable cause or lawful justification. Plaintiff suffered loss of liberty and property as a result.

## VI. DAMAGES

As a result of Defendants' conduct, Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, and property loss.

## VII. RELIEF REQUESTED

Plaintiff seeks compensatory damages, punitive damages, costs, injunctive relief, and such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. SIGNATURE

Dated: __2/4/2024__

/s/ Andrew R. Pickel
Andrew R. Pickel, Pro Se
Rome, New York